UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERBERT THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-00831 (ESH) |
| ) | |
| U.S. DEPARTMENT OF HEALTH AND ) | |
| HUMAN SERVICES; U.S. FOOD AND ) | |
| DRUG ADMINISTRATION, ) | |
| ) | |
| Defendants. ) | |

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, the United States Department of Health and Human Services and the United States Food and Drug Administration ("FDA"), by and through their undersigned attorneys, as their answer to plaintiff's complaint, state as follows:

1. The allegations of paragraph 1 are plaintiff's summary of the complaint and request for relief to which no answer is required. To the extent an answer is required, defendants deny the allegations of paragraph 1.

2. The allegations of paragraph 2 are legal conclusions to which no answer is required.

3. The allegations of paragraph 3 are legal conclusions to which no answer is required.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, except to admit that License number 238 was issued to

SCAVO S.p.A., of Siena, Italy.

    7.  Defendants admit the allegations of paragraph 7, except that defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation "so is sued as a defendant in this action."

    8.  Defendants admit that plaintiff submitted a Freedom of Information Act ("FOIA") request, dated April 17, 2006, to FDA.

    9.  Defendants admit that defendants sent plaintiff a letter dated April 24, 2006, and respectfully refer the Court to that document for a full and complete statement of its contents.

    10.  Defendants admit that defendants sent plaintiff a letter dated September 22, 2006. The remainder of the paragraph contains characterizations of that letter, and defendants respectfully refer the Court to that document for a full and complete statement of its contents.

    11.  Defendants admit that plaintiff sent FDA a letter dated July 23, 2007.  The remainder of the paragraph contains characterizations of that letter, and defendants respectfully refer the Court to that document for a full and complete statement of its contents.

    12.  Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 12 because the date on the attached letter referenced, Exhibit E, does not correspond to the date stated in the allegations in paragraph 12; defendants, however, deny receiving a letter dated August 1, 2007 from plaintiff.

    13.  Defendants deny that FDA received a letter from plaintiff dated October 14, 2007, and are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 13.

    14.  The allegations of paragraph 14 are legal conclusions to which no answer is required.

15. Defendants admit the allegations of paragraph 15, except to deny that FDA "never responded."

16. The allegations of paragraph 16 are legal conclusions to which no answer is required.

17. The allegations of paragraph 17 are legal conclusions to which no answer is required.

18. The allegations of paragraph 18 are legal conclusions to which no answer is required.

19. In response to paragraph 19, Defendants incorporate by reference their responses to paragraphs 1 through 18.

20. The allegations of paragraph 20 are legal conclusions to which no answer is required.

21. Defendants deny the allegations of paragraph 21.

22. The allegations of paragraph 22 are legal conclusions to which no answer is required.

The allegations of the section entitled "Request for Relief" are plaintiff's summary of the request for relief to which no answer is required. To the extent an answer is required, defendants deny that plaintiff is entitled to the relief requested in this section.

Further answering the complaint, defendant denies each allegation not expressly admitted.

                                        Respectfully submitted,

                                        __/s/_____
                                        JEFFREY A. TAYLOR
                                        United States Attorney
                                        D.C. Bar 498610

                                        __/s/_____
                                        RUDOLPH CONTRERAS
                                        Assistant United States Attorney
                                        D.C. Bar 434122

        /s/
CHARLOTTE A. ABEL
Assistant U.S. Attorney
D.C. Bar 388582
555 4th Street, N.W.
Washington, D.C.  20530
202-307-2332

Of Counsel:

THOMAS R. BARKER
Acting General Counsel

GERALD F. MASOUDI
Associate General Counsel
Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation

SHOSHANA HUTCHINSON
Associate Chief Counsel, Litigation
U.S. Dept. of Health & Human Services
Office of the General Counsel
5600 Fishers Lane, GCF-1
Rockville, MD  20857

August 1, 2008

CERTIFICATE OF SERVICE

      I certify that a copies of the foregoing Answer, and Defendant's Notice of Filing Proposed Briefing Schedule, and proposed order, will be mailed, postage prepaid, on the 1st day of August, 2008, to:

Herbert Thomas, 79A-1632
Green Haven Correctional Facility
Box 4000
Stormville, NY 12582-0010

                                                __/s/_____
                                                Charlotte A. Abel
                                                Asst. United States Attorney