# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERBERT THOMAS,        ) | |
|           ) | |
|        Plaintiff,       ) | |
|           ) | |
|      v.          ) | Civil Action No. 08-00831 (ESH) |
|           ) | |
| U.S.  DEPARTMENT OF HEALTH AND   ) | |
| HUMAN SERVICES; U.S. FOOD AND    ) | |
| DRUG ADMINISTRATION,      ) | |
|           ) | |
|        Defendant.     ) | |
|           ) | |

## MOTION FOR SUMMARY JUDGMENT

Defendant, through counsel, respectfully moves this Court for summary judgment on the ground that there is no genuine issue of material fact and that the defendant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  In support of this motion, Defendant respectfully submits the attached memorandum of points and authorities, statement of material facts not in genuine dispute, declarations in support of the motion, and proposed order.

Plaintiff will please take notice that any factual assertions contained in the accompanying declaration and other attachments in support of Defendant's motion may be accepted by the Court as true unless Plaintiff controverts them with his own affidavit or other documentary evidence.  *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), and LCvR 7.1.  As stated in Fed. R. Civ. P. 56(e):

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers

to interrogatories, or further affidavits.  When a motion for
summary judgment is made and supported as provided in this rule,
an adverse party may not rest upon the mere allegations or denials
of the adverse party's pleading, but the adverse party's response, by
affidavits or as otherwise provided in this rule, must set forth
specific facts showing that there is a genuine issue for trial.  If the
adverse party does not so respond, summary judgment, if
appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

___/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

___/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

___/s/_____
CHARLOTTE A. ABEL., D.C. BAR #388582
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, NW
Washington, D.C. 20530

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERBERT THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| U.S. DEPARTMENT OF HEALTH AND | ) |
| HUMAN SERVICES; U.S. FOOD AND | ) |
| DRUG ADMINISTRATION, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Civil Action No. 08-00831 (ESH)

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I.  INTRODUCTION

On July 2, 2008, Herbert Thomas, plaintiff, filed a complaint against the United States

Department of Health and Human Services and the United States Food and Drug Administration

("FDA"), defendants, seeking declaratory and injunctive relief for alleged violations of the

Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  The complaint pertains to plaintiff's

April 17, 2006 FOIA request for documents related to Biocine Sclavo, S.p.A.  Comp. ¶¶ 6, 8.

Because plaintiff has not, to date, paid the search fees associated with his FOIA request, he has

failed to exhaust his administrative remedies, and judgment should be entered in favor of the

government.

## II.  FACTUAL BACKGROUND

On April 24, 2006, FDA's Division of Freedom of Information ("DFOI") received a

FOIA request from plaintiff dated April 17, 2006.  See Declaration of Frederick J. Sadler

1

("Sadler Decl.") ¶ 8.[1]  This request sought documents "pertaining to Biocine Sclavo, S.P.A. f/k/a

Sclavo S.P.A. Establishment License No. 238."  See Comp. ¶ 8, Ex. A; see also Declaration of

Beth Brockner Ryan, ("Brockner Ryan Decl.") ¶ 8.[2]  DFOI logged in the request and assigned it

reference number 2006-6588, reflecting that it was the 6588th FOIA request received by FDA in

2006.  Sadler Decl. ¶ 8.  That same day, FDA sent plaintiff a letter acknowledging receipt of the

request, notifying plaintiff that FDA would respond to the request "as soon as possible," and

inviting plaintiff to contact FDA with any questions related to the request ("acknowledgment

letter").  Id. ¶¶ 7, 9.

Given the size of FDA and the vast number of documents generated in the ordinary

course of agency business, DFOI forwards requests made under the FOIA to those FDA offices

that it determines are reasonably likely to possess responsive records.  Sadler Decl. ¶ 6.  In this

case, because FDA's Center for Biologics Evaluation and Research ("CBER") has regulatory

responsibility for Biocine Sclavo, DFOI immediately forwarded plaintiff's request to the Access

Litigation and Freedom of Information Branch ("ALFOI"), the division in CBER responsible for

information disclosure.  Id. ¶ 10; Brockner Ryan Decl. ¶ 8.

By letter dated August 14, 2006, plaintiff inquired as to the status of his FOIA request,

see Comp. Ex. E, and FDA responded by letter dated September 22, 2006, explaining that

plaintiff's request "remains open at CBER" and "will be processed on a first-in, first-out basis

within the appropriate queue."  Brockner Ryan Decl. ¶ 9, Ex. 1.  This September 22 letter also

---

[1]  References to "Sadler Decl." are to the declaration of Frederick J. Sadler filed
concurrently with this motion.

[2]  References to "Brockner Ryan Decl." are to the declaration of Beth Brockner Ryan filed
concurrently with this motion.

provided plaintiff with contact information for the ALFOI employee whom plaintiff could contact should he have any further questions regarding his FOIA request. Id. By letter dated July 23, 2007, plaintiff again requested that CBER process his FOIA request. Id. ¶ 10, Ex. 2.

By letter dated April 16, 2008, ALFOI provided plaintiff with the cost estimate associated with processing his FOIA request. Brockner Ryan Decl. ¶ 11, Ex. 3. The letter explained that the estimated total search charge was $262.50, which included eight hours of search time (with the first two hours provided free of charge) and a one-time DFOI processing fee. Id. The letter also informed plaintiff that, pursuant to an FDA regulation, 21 C.F.R. § 20.45(d)(2), prepayment was required, and thus if plaintiff did not pay the search fees by May 16, 2008, his FOIA request would be closed. Id.

In response to FDA's April 16 letter, plaintiff, by letter dated April 24, 2008, acknowledged receipt of the cost estimate letter, and requested the "minimum amount of copies free of charge" to which he claimed he was entitled under FOIA. Brockner Ryan Decl. ¶ 12, Ex. 4. Plaintiff specifically requested these free copies concerning the banking records of Biocine Sclavo. Id.

By letter dated June 9, 2008, ALFOI explained that "[a]n initial search of our records did not locate any documents responsive to your request and the only way to continue the search is to accrue search fees." Brockner Ryan Decl. ¶ 13, Ex. 5. The letter concluded that because no prepayment had been received, ALFOI considered plaintiff's request to be completed. Id.

On July 2, 2008, plaintiff initiated this lawsuit, claiming that FDA violated the FOIA by failing to provide plaintiff with the requested documents, and seeking a court order requiring FDA to immediately produce documents responsive to plaintiff's FOIA request.

## III.  ARGUMENT

A.    Standard of Review

Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).  The party seeking summary judgment bears the initial burden of demonstrating to the court that the standard for summary judgment has been met, see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and all facts are viewed in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).  "The non-moving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial."  Adams v. Rice, 484 F. Supp. 2d 15, 20 (D.D.C. 2007); see also Lee v. Geren, 4 F. Supp. 2d 198, 202 (D.D.C. 2007) ("By pointing to the absence of evidence proffered by the non-moving party, a moving party may succeed on summary judgment.").  Regarding materiality, "the substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

B.    Plaintiff Failed to Exhaust His Administrative Remedies

The FOIA permits agencies to charge requesters reasonable search fees.  5 U.S.C. § 552(a)(4)(A).  Because plaintiff did not request a fee waiver – it is doubtful that he would have been eligible for such a waiver anyway – and has failed to provide any evidence that he has paid

4

the search costs associated with his FOIA request, plaintiff has failed to exhaust his

administrative remedies. Thus, the government is entitled to judgment as a matter of law.

Unless and until a plaintiff has exhausted his or her administrative remedies, a complaint

filed in federal court is premature and should be dismissed. See, e.g., Reiter v. Cooper, 507 U.S.

258, 269 (1993); Ass'n of Flight Attendants-CWA v. Chao, 493 F.3d 155, 158 (D.C. Cir. 2007),

Ass'n of Am. Physicians and Surgeons v. FDA, 539 F. Supp. 2d 4, 24 (D.D.C. 2008). Moreover,

the D.C. Circuit has specifically found exhaustion to be a necessary prerequisite to maintaining a

suit under FOIA. See Hidalgo v. FBI, 344 F.3d 1256, 1259 (D.C. Cir. 2003); Oglesby v. U.S.

Dep't of Army, 920 F.2d 57, 61-62 (1990).

"The payment or waiver of assessed fees or an administrative appeal from the denial of a

fee waiver request is a condition precedent to obtaining judicial review of a FOIA complaint."

Skrzypek v. Dep't of Treasury, 550 F. Supp. 2d 71, 73 (D.D.C. 2008); see also Oglesby v. U.S.

Dep't of Army, 920 F.2d 57, 70 (D.C. Cir. 1990). In other words, the "failure to pay FOIA fees

constitutes a failure to exhaust administrative remedies." Judicial Watch v. FBI, 190 F. Supp. 2d

29, 33 (D.D.C. 2002). Moreover, initiating a suit under FOIA does not relieve a requester of his

or her obligation to pay required fees. Banks v. DOJ, 538 F. Supp. 2d 228, 233 (D.D.C. 2008).

An FDA regulation, 21 C.F.R. § 20.45(d)(2), requires the prepayment of costs when the

agency's initial review of the request finds that the search charges will exceed $250. Here the

estimated cost to process plaintiff's FOIA request is $262.50; prepayment is thus required.

Despite being informed of the cost on two different occasions, plaintiff has not paid, nor does

plaintiff allege to have paid, the necessary search fees. Indeed, in FDA's letter dated April 16,

2008, ALFOI specifically stated that "[i]f prepayment is not received by May 16, 2008, your

request will be closed." Brockner Ryan Decl. ¶ 11, Ex. 3.

     Rather than pay said costs, plaintiff instead, by letter dated April 21, 2008, stated that he was entitled to a minimum amount of copies free of charge, and requested that those free copies be provided to him. Brockner Ryan Decl. ¶ 12, Ex. 4.[3] FDA's letter of June 9, 2008, once again explained that an initial search did not locate any documents responsive to plaintiff's FOIA request, that search fees would accrue if and when ALFOI continued to search for responsive documents, and that prepayment of those search fees was required, which payment ALFOI had not yet received. Id. ¶ 13, Ex. 5. Thus, it is unclear why plaintiff initiated this lawsuit, when the reason that FDA has not yet completed processing plaintiffs's FOIA request is that plaintiff has failed to pay the necessary search fees.

     In sum, plaintiff's failure to prepay the estimated search fees constitutes a failure to exhaust his administrative remedies, which in turn entitles FDA to judgment as a matter of law.

## IV. CONCLUSION

     For the foregoing reasons, the government's motion for summary judgment should be granted.

---

[3] 21 C.F.R. § 20.45(a)(3) provides that FDA "will not charge for the first 2 hours of search time or for the copying costs of the first 100 pages of duplication." ALFOI did not charge plaintiff for the first two hours of search time – the total cost estimate for processing plaintiff's request covers search time above and beyond those two free hours. Brockner Ryan Decl. ¶ 11, Ex. 3. And because ALFOI's initial search did not reveal any responsive documents, the cost estimate did not include any copying charges; the "free copies" that plaintiff requests will be provided only if and when responsive documents are located, if and when plaintiff pays for ALFOI to continue its search. Brockner Ryan Decl. ¶ 12, Ex. 4; Brockner Ryan Decl. ¶ 13, Ex. 5.

Respectfully submitted,


  /s/
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar 498610


  /s/
RUDOLPH CONTRERAS
Assistant United States Attorney
D.C. Bar 434122


 /s/
CHARLOTTE A. ABEL
Assistant United States Attorney
D.C. Bar 388582
555 4th Street, N.W.
Washington, D.C.  20530
202-307-2332

Of Counsel:

THOMAS R. BARKER
Acting General Counsel

GERALD F. MASOUDI
Associate General Counsel
Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation

SHOSHANA HUTCHINSON
Associate Chief Counsel, Litigation
U.S. Dept. of Health & Human Services
Office of the General Counsel
5600 Fishers Lane, GCF-1
Rockville, MD  20857

7

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HERBERT THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-00831 (ESH) |
| | ) |
| U.S. DEPARTMENT OF HEALTH AND | ) |
| HUMAN SERVICES; U.S. FOOD AND | ) |
| DRUG ADMINISTRATION, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1.    On April 24, 2006, FDA's Division of Freedom of Information ("DFOI") received a FOIA request from plaintiff dated April 17, 2006.  See Declaration of Frederick J. Sadler ("Sadler Decl.") ¶ 8.[1]  This request sought documents documents "pertaining to Biocine Sclavo, S.P.A. f/k/a Sclavo S.P.A. Establishment License No. 238."  See Comp. ¶ 8, Ex. A; see also Declaration of Beth Brockner Ryan, ("Brockner Ryan Decl.") ¶ 8.[2]

2.    DFOI logged in the request and assigned it reference number 2006-6588, reflecting that it was the 6588th FOIA request received by FDA in 2006.  Sadler Decl. ¶ 8.  That same day, FDA sent plaintiff a letter acknowledging receipt of the request, notifying plaintiff that FDA would respond to the request "as soon as possible," and inviting plaintiff to contact FDA with any questions related to the request ("acknowledgment letter").  Id. ¶¶ 7, 9.

3.    In this case, because FDA's Center for Biologics Evaluation and Research ("CBER")

---

[1]  References to "Sadler Decl." are to the declaration of Frederick J. Sadler filed concurrently with this motion.

[2]  References to "Brockner Ryan Decl." are to the declaration of Beth Brockner Ryan filed concurrently with this motion.

has regulatory responsibility for Biocine Sclavo, DFOI immediately forwarded plaintiff's request to the Access Litigation and Freedom of Information Branch ("ALFOI"), the division in CBER responsible for information disclosure.  Id. ¶ 10; Brockner Ryan Decl. ¶ 8.

4.  By letter dated August 14, 2006, plaintiff inquired as to the status of his FOIA request, see Comp. Ex. E, and FDA responded by letter dated September 22, 2006, explaining that plaintiff's request "remains open at CBER" and "will be processed on a first-in, first-out basis within the appropriate queue."  Brockner Ryan Decl. ¶ 9, Ex. 1.  This September 22 letter also provided plaintiff with contact information for the ALFOI employee whom plaintiff could contact should he have any further questions regarding his FOIA request.  Id.

5.  By letter dated July 23, 2007, plaintiff again requested that CBER process his FOIA request.  Id. ¶ 10, Ex. 2.

6.  By letter dated April 16, 2008, ALFOI provided plaintiff with the cost estimate associated with processing his FOIA request.  Brockner Ryan Decl. ¶ 11, Ex. 3.  The letter explained that the estimated total search charge was $262.50, which included eight hours of search time (with the first two hours provided free of charge) and a one-time DFOI processing fee.  Id.  The letter also informed plaintiff that, pursuant to an FDA regulation, 21 C.F.R. § 20.45(d)(2), prepayment was required, and thus if plaintiff did not pay the search fees by May 16, 2008, his FOIA request would be closed.  Id.

7.  In response to FDA's April 16 letter, plaintiff, by letter dated April 24, 2008, acknowledged receipt of the cost estimate letter, and requested the "minimum amount of copies free of charge" to which he claimed he was entitled under FOIA.  Brockner Ryan Decl. ¶ 12, Ex. 4.  Plaintiff specifically requested these free copies concerning the banking records of Biocine

2

Sclavo.  Id.

8.  By letter dated June 9, 2008, ALFOI explained that "[a]n initial search of our records did not locate any documents responsive to your request and the only way to continue the search is to accrue search fees."  Brockner Ryan Decl. ¶ 13, Ex. 5.  The letter concluded that because no prepayment had been received, ALFOI considered plaintiff's request to be completed.  Id.


Respectfully submitted,

  /s/
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar 498610


  /s/
RUDOLPH CONTRERAS
Assistant United States Attorney
D.C. Bar 434122


  /s/
CHARLOTTE A. ABEL
Assistant United States Attorney
D.C. Bar 388582
555 4th Street, N.W.
Washington, D.C.  20530
202-307-2332

Of Counsel:

THOMAS R. BARKER
Acting General Counsel

GERALD F. MASOUDI
Associate General Counsel

Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation

SHOSHANA HUTCHINSON
Associate Chief Counsel, Litigation
U.S. Dept. of Health & Human Services
Office of the General Counsel
5600 Fishers Lane, GCF-1
Rockville, MD  20857

September 3, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERBERT THOMAS,         ) | |
| ) | |
| Plaintiff,       ) | |
| ) | |
| v.       ) | Civil Action No. 08-00831 (ESH) |
| ) | |
| U.S. DEPARTMENT OF HEALTH AND   ) | |
| HUMAN SERVICES; U.S. FOOD AND   ) | |
| DRUG ADMINISTRATION,     ) | |
| ) | |
| Defendants.     ) | |
| ) | |

## DECLARATION OF FREDERICK J. SADLER

I, Frederick J. Sadler, declare as follows:

1. I am the Director of the Division of Freedom of Information ("DFOI"), Office of

Management Programs, United States Food and Drug Administration ("FDA"), located in

Rockville, Maryland. I have held this position since March 2007. I previously served as the

Denials and Appeals Officer in the DFOI Office from July 2000 to December 2006. From

December 2006 until March 2007, I served as the Acting Director of DFOI.

2. In my capacity as Director of DFOI, my duties and responsibilities include supervising

the office that receives and processes requests for FDA records under the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552.

3. The statements made in this declaration are based upon my personal knowledge,

information made known to me in my official capacity, and information available to me in my

official capacity and about which I have become knowledgeable.

4. I submit this declaration in support of the government's motion for summary judgment

in the above-captioned matter. The purpose of this declaration is to set forth DFOI's response to

the FOIA request that is the subject of the Complaint in this case.

### REQUEST PROCESSING BY DFOI

5. FDA has created an electronic tracking system, the Agency Information Management

Systems ("AIMS"), to store and track requests for documents submitted pursuant to FOIA. The

AIMS tracking system debuted in January 2006. As of January 2006, when a FOIA request is

received by DFOI, an FOI technician on my staff scans the request into a PDF format, logs and

uploads the request into AIMS, and assigns the request a reference number. The reference

number is four digits reflecting the calendar year in which the request was received (i.e., 2005,

2006, 2007) followed by a number reflecting the number of FOIA requests received by DFOI to

date during that particular calendar year.

6. Because of FDA's size and the vast number of documents generated in the course of

agency business, FDA has created a decentralized FOI function. Accordingly, after the FOI

technician receives, scans, and logs an incoming request, he or she directs AIMS to forward, or

"route," the request to the FDA office(s) most likely to possess responsive records ("the action

office(s)"). The routing of a particular request through AIMS to the appropriate action office(s)

takes place immediately following receipt and logging. I am available to consult with the FOI

technicians in the event that the routing of a particular request is not clear from the text of the

request.

7. Under the AIMS system, once a FOIA request is logged in, the AIMS systems

automatically sends a letter to the requestor acknowledging FDA's receipt of the request ("the

acknowledgment letter"). The acknowledgment letter is sent by U.S. mail and leaves DFOI's

office one business day after the request is logged into AIMS. The acknowledgment letter also

2

notifies the requestor that FDA will respond to the request as soon as possible, and invites the

requestor to contact FDA at a designated phone number and address if the requestor has any

questions related to the request.

## CHRONOLOGY OF EVENTS

8. On April 24, 2006, DFOI received a FOIA request from Mr. Herbert Thomas

(plaintiff), dated April 17, 2006. Consistent with DFOI practice, an FOI technician logged the

request into AIMS, and assigned it reference number 2006-6588, reflecting that it was the 6588th

FOIA request FDA received in 2006.

9. On April 24, 2006, FDA sent plaintiff an acknowledgment letter with respect to this

FOIA request.

10. DFOI immediately forwarded plaintiff's request to the Access Litigation and

Freedom of Information Branch ("ALFOI"), of FDA's Center for Biologics Evaluation and

Research ("CBER"). DFOI referred plaintiff's request to CBER ALFOI because the request

sought documents relating to Biocine Sclavo, a company regulated by CBER, and thus CBER is

the office most likely to have responsive documents.

11. On July 2, 2008, plaintiff filed the Complaint in this case.

12. FDA takes its responsibilities in the administration of its FOIA program very

seriously. For example, in fiscal year 2007, FDA spent 14 million dollars and 93 staff years (i.e.,

the equivalent of 93 full-time employees) responding to FOI requests.

3

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

FREDERICK J. SADLER
Director
Division of Freedom of Information
Office of Management Programs
Food and Drug Administration
U.S. Department of Health and Human Services

Executed on August 29th, 2008, in Rockville, Maryland.

4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HERBERT THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-00831 (ESH) |
| ) | |
| U.S. DEPARTMENT OF HEALTH AND ) | |
| HUMAN SERVICES; U.S. FOOD AND ) | |
| DRUG ADMINISTRATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DECLARATION OF BETH BROCKNER RYAN**

I, Beth Brockner Ryan, declare as follows:

1. I am the Chief of the Access Litigation and Freedom of Information Branch (ALFOI)
of the Center for Biologics Evaluation and Research (CBER) of the United States Food and Drug
Administration (FDA) located in Rockville, Maryland. I have been the Branch Chief of ALFOI
since November 2002. From August 2002 through October 2002, I was on a detail as the acting
Branch Chief of ALFOI. From August 1999 until August 2002, I worked as a Consumer Safety
Officer in the Office of Communication, Training and Manufacturers Assistance of CBER.

2. In my capacity as Chief of ALFOI, my duties and responsibilities include supervising
the branch that receives and processes requests under the Freedom of Information Act (FOIA), 5
U.S.C. § 552, for records in the possession of CBER. At my direction, FDA personnel search
records systems for documents under CBER's control to identify records and other information
that may be responsive to individual FOIA requests, review the documents to identify
information that FDA is prohibited from releasing, and redact any information that is exempt
from disclosure.

3. The statements made in this declaration are based upon my personal knowledge, information made known to me in my official capacity, and information available to me in my official capacity and about which I have become knowledgeable.

4. I submit this declaration in support of the government's motion for summary judgment in the above-captioned matter. The purpose of this declaration is to set forth ALFOI's response to the FOIA request that is the subject of the Complaint in this case.

<u>REQUEST PROCESSING BY ALFOI</u>

5. ALFOI consists of seven people - one branch chief, five full-time consumer safety officers, and one paralegal specialist, who handle the day-to-day work involved in the document disclosure duties described in paragraph 2.

6. FOIA requests for CBER-maintained documents are forwarded to ALFOI from FDA's Division of Freedom of Information (DFOI) in the Office of Management Programs, Office of Commissioner, FDA. ALFOI places each request in one (or more) of seven queues of pending requests, based on the complexity and subject matter of the requested documents. Generally, with allowances for efficiency, requests in each queue are assigned to reviewers for processing on a first-in, first-out basis.

7. When a request is assigned to a reviewer for processing, the reviewer must search for and collect potentially responsive documents from various central file locations. In addition, a reviewer may need to contact CBER personnel and direct them to search their individual files; for requests in a complex queue or sub-queue, this process may necessitate extensive searches for documents in files kept by employees working in any one of twenty-four divisions comprising nine main offices in CBER. After the reviewer collects potentially responsive documents, (s)he

2

conducts an initial review to verify that the documents are, in fact, responsive to the requests. Documents available only in hard-copy are scanned into electronic files. Next, the reviewer conducts a line-by-line, word-by-word review of the responsive documents to determine which, if any, exemptions apply, and then electronically redacts the material, as appropriate.[1] ALFOI may consult with FDA's Office of General Counsel to resolve questions on complex or novel disclosure issues. Then, the reviewer conducts a quality control check to ensure that the responsive documents have been properly prepared for public disclosure and, finally, prepares copies of the responsive documents for delivery to the requester. Throughout the process, I may provide substantive input regarding the search's scope and the releasability of records.

<u>CHRONOLOGY OF EVENTS</u>

8. On April 24, 2006, DFOI received a FOIA request from Mr. Herbert Thomas (plaintiff), dated April 17, 2006. DFOI assigned this FOIA request reference number 2006-6588 and forwarded the request to ALFOI. The request sought documents "pertaining to Biocine Sclavo, S.P.A. f/k/a Sclavo S.P.A. Establishment License No. 238." <u>See</u> Comp. ¶ 8, Ex. A.

9. By letter dated August 14, 2006, plaintiff inquired as to the status of his FOIA request,

---

[1] The majority of documents that are responsive to FOIA requests received by CBER contain information that is exempt from disclosure (for example, trade secret, confidential commercial, personal privacy and/or deliberative process information). The Federal Food, Drug, and Cosmetic Act (FDCA) prohibits the release of trade secret information to persons other than Department of Health and Human Services employees, to Congress, or to the courts where relevant in cases brought under the FDCA. 21 U.S.C. § 331(j). The Trade Secrets Act prohibits the release of trade secret information unless otherwise authorized by law. 18 U.S.C. § 1905. In addition, FDA regulations provide that: (a) trade secret and privileged or confidential commercial information is unavailable for public disclosure; (b) intra-agency pre-decisional information that is part of an agency's decision-making process is privileged and exempt from disclosure; and (c) identifying information in medical or similar files, which, if disclosed, would be an unwarranted invasion of personal privacy, is unavailable for public disclosure. 21 C.F.R. §§ 20.61, 20.62, 20.63, respectively.

<u>see</u> Comp. Ex. E, and FDA responded by letter dated September 22, 2006, explaining that

plaintiff's request "remains open at CBER" and "will be processed on a first-in, first-out basis

within the appropriate queue." <u>See</u> Letter from FDA to plaintiff (dated Sept. 22, 2006), attached

hereto as Ex. 1. This September 22 letter also provided plaintiff with contact information for the

ALFOI employee whom plaintiff could contact should he have any further questions regarding

his FOIA request.

10. ALFOI received a letter from plaintiff dated July 23, 2007, again asking CBER to

process his FOIA request. <u>See</u> Letter from plaintiff to FDA (dated July 23, 2007), attached

hereto as Ex. 2.

11. By letter dated April 16, 2008, ALFOI provided plaintiff with the cost estimate

associated with processing his FOIA request. <u>See</u> Letter from FDA to plaintiff (dated April 16,

2008), attached hereto as Ex. 3. The letter stated that the estimated total search charge was

$262.50, which included eight hours of search time (with the first two hours provided free of

charge) and a one-time DFOI processing fee. The letter also informed plaintiff that, pursuant to

an FDA regulation, 21 C.F.R. § 20.45(d)(2), prepayment was required, and thus if plaintiff did

not pay the search fees by May 16, 2008, his FOIA request would be closed.

12. ALFOI next received a letter from plaintiff, dated April 21, 2008, that acknowledged

receipt of the cost estimate letter, and requested the "minimum amount of copies free of charge"

to which he claimed he was entitled under FOIA. <u>See</u> Letter from plaintiff to FDA (dated April

24, 2008), attached hereto Ex. 4. Plaintiff specifically requested these free copies concerning the

banking records of Biocine Sclavo.

13. By letter dated June 9, 2008, ALFOI explained that "[a]n initial search of our records

4

did not locate any documents responsive to your request and the only way to continue the search is to accrue search fees." <u>See</u> Letter from FDA to plaintiff (dated June 9, 2008), attached hereto as Ex. 5. The letter concluded that because no prepayment had been received, ALFOI considered plaintiff's request to be completed.

14. To date, plaintiff has not paid the search fees associated with his FOIA request.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.


*Beth Brockner Ryan*
BETH BROCKNER RYAN
Chief, Access Litigation and Freedom of Information Branch
Division of Disclosure and Oversight Management
Office of Communication, Training and Manufacturers Assistance
Center for Biologics Evaluation and Research
Food and Drug Administration
U.S. Department of Health and Human Services

Executed on August 29, 2008, in Rockville, Maryland.

5

# Exhibit
# 1

DEPARTMENT OF HEALTH & HUMAN SERVICES

Public Health Service

Food and Drug Administration
1401 Rockville Pike
Rockville, MD 20852-1448

September 22, 2006

Herbert Thomas, 79A-1632
Green Haven Correctional Facility
Box 4000
Stormville, NY 12582

In reply refer to file F06-6588

Dear Mr. Thomas,

You submitted a Freedom of Information Act request dated "17 April 2006" to the United States Department of Health & Human Services, Food and Drug Administration (FDA). As you may know, your request was received at the FDA's Center for Biologics Evaluation and Research (CBER) for processing on April 24th, 2006.

Your letter dated August 14, 2006 asking the status of your FOIA request F06-6588 was forwarded to CBER by the Division of Freedom of Information staff.   We were unable to contact you by phone since you have not provided your phone number on your request.  If you wish to discuss your request further, you can reach me by either by phone at 301-827-2000, FAX at 301-827-3843, or by email to Heather.Murray@.fda.hhs.gov.   If you would like for us to contact you by phone, please write to provide a phone number at which we can write you.

As of today FOIA request #2006-6588 remains open at CBER.  The request will be processed on a first-in, first-out basis within the appropriate queue.

Sincerely,

Heather Murray, Consumer Safety Officer
Access Litigation and Freedom of Information Branch, HFM-48

# Exhibit 2

Herbert Thomas, 79A-1632
Green Haven Correctional Facility
Box 4000
Stormville, New York   12582-0010

23   July 2007

Re:   Biocine Sclavo, S.P.A., f/k/a Sclavo, S.P.A
      Sede Legale e Domicillo Fiscale
      Siena via Fiorenina 1
      Siena and Rosia Italy
      Establishment License No.238
      Reply No. 2006-6588

Food and Drug Administration
Division of Freedom of Information
5600 Fishers Lane, HFI-35
Rockville, MD   20857
ATT: HEATHER MURRAY, Consumer Safety Officer
      Access Litigation and
      Freedom Of Information Branch,   HFM-48

Dear Ms. Murry:

This will acknowledge receipt of your letter of 22 September
2006.

On 17 April 2006 I made a FOIA request for information and
documents pertaining to the above company.

On 24 April 2006 you agency responded to my FOIA request.

On 22 September 2006 you again responded to my FOIA request
with the requested information or documents.

As of the date of this letter neither have your agency provided
me with the information or documents nor have you communicated
with me.

Ms. Murry, please process my FOIA request, I understand the
process is on a first-in-first-out queue, as expeditious.
Last, please provide me with the following information.  Please
provide me with; (1) the name and address of the bank where
Biocine Sclavo, S.P.A., f/k/a Sclavo, S.P.A conduct its banking
in Italy and the United States; and (2) please also provide
me with the name and address where Biocine Sclavo's, SPA f/k/a
Sclavo's, SPA  sole United States Distributor:
                VOCO, INC. f/k/s SLAVO, INC.
                5 Mansard Court
                Wayne, New Jersey       07470
                Fed I.D.# 13-27712263
                SIC# 5129

**Reply No. 2006-6588**

conduct its bank transactions in the United States. If you
do not have the above information, please provide me with the
name and address of the person or agency where this information
is located.

Thank you for your time and consideration given this request.

Very truly yours,

cc:file

# Exhibit
# 3



**DEPARTMENT OF HEALTH & HUMAN SERVICES**          Public Health Service

Food and Drug Administration
1401 Rockville Pike
Rockville, MD 20852-1448

April 16, 2008

Herbert Thomas, 79A-1632
Green haven Correctional Faclity, Box 4000
Stormville, NY  12582-0010

In reply refer to file  06-6588

Dear Mr. Thomas:

This is a cost estimate letter in response to your letter to the Food and Drug Administration pursuant to the
Freedom of Information Act regarding the name and address of the bank where Biocine Sclavo, S.P.A., f/k/a
Sclavo, S.P.A. conduct its banking in Italy and the United States, and the name and address where Biocine
Sclavo's SPA f/k/a Sclavo's, SPA sole United States distributor conducts its bank transactions in the United
States.  Your request was received in the Center for Biologics Evaluation and Research on April 25, 2006.

The Center for Biologics Evaluation and Research does not routinely request banking records
and would need to do a complete search to determine if we have the records.  The estimated total
charge would be $262.50.  The total charges include $258 for 8 hour(s) of search time at $43.00
per hour (your first two hours are free). There is a $4.50 Division of Freedom of Information
processing fee.

Food and Drug Administration regulations at 21 CFR § 20.45 (d)(2) require prepayment when
initial review of the request indicates that the charges will exceed $250.00.

If you wish to receive the information please submit payment by May 16, 2008 in the amount of
$262.50 by check or money order, made payable to Food and Drug Administration with the FOI
file number on the check or money order, and mail with a copy of this letter to:

Food and Drug Administration
Division of Freedom of Information (HFI-35)
5600 Fishers Lane
Rockville, MD 20857

If prepayment is not received by May 16, 2008, your request will be closed.
As the above charges are estimated charges, the final amount may be more or less than this
estimated amount; if they are less you will be refunded the difference; if more, you will receive
an invoice for the difference.

If I can be of further assistance to you, please do not hesitate to contact me at 301-827-9832 or
Katherine.Uhl@fda.hhs.gov.

Sincerely,

Katherine Uhl
Consumer Safety Officer
Access Litigation & Freedom of Information Branch (HFM-48)
Center for Biologics Evaluation and Research

# Exhibit
# 4

Herbert Thomas, 79A-1632
Green Haven Correctional Facility
Box 4000
Stormville, NY 12582-0010

21 April 2008

Re:    Reply Request # 06-6588

Food and Drug Administration
Division of Freedom of Information (HFL-35)
5600  Fisher Lane
Rockville, MD  20857
Att: Ms. Katherine Uhl
Comsumer Safety Officer (HFM-48)
CBER

Dear Ms. Uhl:

This will acknowledge receipt of, your long awaited, letter
in response to my FOIA regarding the name and address of the
bank where Biocine Sclavo, S.P.A., f/k/a  Sclavo's, S.P.A.,
conduct its banking in Italy and United States and the name
and the name and address where Biocine  Sclavo's, S.P.A.,
f/k/a  Sclavo's, SPA, sole United States distributor conducts
its bank transactions in the United States.

You stated that the estimated total  cost of the information
would be $262.50.

Be advised  under FOIA I am entitled to a minimum amount of
copies free of charge, therefore, please provide me the  with
documents that contained the name and address  of the  bank
where  Biocine  Sclavo,  S.P.A.,  f/k/a  Sclavo's,  S.P.A.,
conduct its banking in Italy and United States; and the name
and address where Biocine  Sclavo's, S.P.A., f/k/a  Sclavo's,
SPA,  sole  United  States  distributor  conducts  its  bank
transactions in the United States, that is, Voco, inc., f/k/s
Sclavo, Inc. 5 Mansard Court, Wayne, New Jersey.

Please provide me with the minimum amount of free copies of
the documents that contain the above requested information.
Thank you.

Very truly  yours,

*Herbert Thomas*

Herbert Thomas


cc:file

P.S. Please provide me with FDA regulation
21 C F R. Thank you.

# Exhibit
# 5

**DEPARTMENT OF HEALTH & HUMAN SERVICES**    Public Health Service

Food and Drug Administration
1401 Rockville Pike
Rockville, MD 20852-1448

June 9, 2008

Herbert Thomas, 79A-1632
Green haven Correctional Faclity
Box 4000
Stormville, NY 12582-0010

In reply refer to file 06-6588

Dear Mr. Thomas:

This is in response to your April 21, 2008 letter in regard to the prepayment request we sent to you for record(s) from the Food and Drug Administration pursuant to the Freedom of Information Act regarding the name and address of the bank where Biocine Sclavo, S.P.A., f/k/a Sclavo, S.P.A. conduct its banking in Italy and the United States, and the name and address where Biocine Sclavo's SPA f/k/a Sclavo's, SPA sole United States distributor conducts its bank transactions in the United States.

An initial search of our records did not locate any documents responsive to your request and the only way to continue the search is to accrue search fees, as no prepayment has been received this completes your request.

If I can be of further assistance, please let me know by referencing the above file number. You can reach me by phone at 301-827-4395.

Sincerely,

/s/

Katherine Uhl, Consumer Safety Officer
Access Litigation and Freedom of Information Branch, HFM-48
CBER / OCTMA / DDOM

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of September, 2008, I caused to be served by

first class mail, a true and correct copy of the above and foregoing Motion for Summary

Judgment, Memorandum in Support of Motion, Statement of Material Facts, Declarations and

Exhibits thereto, and Proposed Order, to:

Herbert Thomas
#79A1632
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582-0010

   /s/                           
CHARLOTTE A. ABEL
Assistant U.S. Attorney

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERBERT THOMAS,           ) | |
|           ) | |
|       Plaintiff,     ) | |
|           ) | |
|      v.         ) | Civil Action No. 08-00831 (ESH) |
|           ) | |
| U.S.  DEPARTMENT OF HEALTH AND   ) | |
| HUMAN SERVICES; U.S. FOOD AND   ) | |
| DRUG ADMINISTRATION,      ) | |
|           ) | |
|       Defendants.    ) | |

**ORDER**

Upon consideration of the Defendant's Motion for Summary Judgment, and the

opposition thereto, if any, it is on this _____ day of _____, 2008,

ORDERED: that Defendant's Motion for Summary Judgment be GRANTED.  It is

FURTHER ORDERED: that judgment is entered for Defendant and this case is DISMISSED

WITH PREJUDICE.


                 _____
                 ELLEN SEGAL HUVELLE
                 United States District Court Judge