## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

—————————————————————————

| | |
|---|---|
| **HERBERT THOMAS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 08-0831 (ESH)** |
| ) | |
| **DEPARTMENT OF HEALTH AND** ) | |
| **HUMAN SERVICES, FOOD AND** ) | |
| **DRUG ADMINISTRATION,** ) | |
| ) | |
| **Defendant.** ) | |

—————————————————————————  )

### MEMORANDUM OPINION AND ORDER

Plaintiff Herbert Thomas, a prisoner proceeding *in forma pauperis* and *pro se,* filed this complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking declaratory and injunctive relief against the defendant Food and Drug Administration ("FDA"), and asserting that because the FDA had failed to timely respond to his administrative appeal, he had constructively exhausted his administrative remedies.[1]  The FDA filed a motion for summary judgment, averring that Thomas had not exhausted his administrative remedies because he had not paid the required search fees associated with his request.  Because the FDA failed to respond as required by law to Thomas' FOIA request, Thomas is entitled to constructive exhaustion, and the defendant's motion will be denied.[2]

---

[1]  The complaint also mentions the Privacy Act, 5 U.S.C. § 552a, which does not appear applicable here.

[2]  In his opposition to the FDA's motion for summary judgment, Thomas requested to be permitted to take discovery.  Because discovery is an extraordinary procedure in a FOIA action, and Thomas gives no reason for needing discovery, his request will be denied.

FACTUAL BACKGROUND

The undisputed facts in the record establish that Thomas made a FOIA request by letter dated April 17, 2006, to which the FDA responded by letter dated April 24, 2006.  (*See* Decl. of Beth Brockner Ryan, Aug. 29, 2008 ("Ryan Decl.") ¶¶ 8-9.)[3]  The April 24 letter provided a reference number and a telephone number for a contact person.  It did not state whether the FDA would comply with the request and it did not notify Thomas of his appeal right in the case of an adverse determination.  In August 2006, Thomas inquired as to the status of his request, to which the FDA responded in September 2006, explaining that his request was open, in queue, and would be processed on a "first-in, first-out" basis.  (*Id.* ¶ 9 & Ex. 1.)  This letter, too, did not contain any notice of Thomas' appeal right in the event of an adverse determination, and it did not explicitly state the FDA's determination to comply or not comply with the FOIA request, although the nature of the response could reasonably be understood to imply that the FDA intended to conduct a search for responsive documents.  Ten months later, in a letter dated July 23, 2007, Thomas wrote "please process my FOIA request . . . as expeditious," and identified specific information he wished to receive.  (*Id.* ¶ 10 & Ex. 2.)  Thomas sent a third letter dated August 1, 2007.[4]  (Compl. ¶ 12.)  There is no evidence that the FDA responded to Thomas' July and August 2007 letters.  By letter dated October 14, 2007, Thomas appealed the "constructive denial" of his FOIA request.  (*Id.*, Ex. F; *see also id.,* ¶ 13 ("plaintiff wrote an appeal letter to the FDA interpreting FDA's non-reply as a denial.").  The FDA did not respond

---

[3]  The Ryan Decl. was filed concurrently with the Mem. in Supp. of Def.'s Mot. for Summ. J.

[4]   The complaint refers to Exhibit E, but Exhibit E does not contain a letter dated August 1, 2007.

to Thomas' appeal letter.  (Id. ¶ 15.)  Thomas finally filed this complaint, asserting constructive

exhaustion of administrative remedies and seeking an order compelling the FDA to provide the

requested information.  The complaint  was date-stamped as received by the Clerk of Court on

April 15, 2006.[5]

In a letter dated April 16, 2008, the FDA notified Thomas that he would be required to

remit $262.50 if he wanted the FDA to search pursuant to his request.  This figure included two

hours at no cost to Thomas, plus an additional six hours for which Thomas would be charged,

plus a $4.50 processing fee.  (Ryan Decl. ¶ 11 & Ex. 3.)  The letter also informed Thomas that

failure to remit the search fees by May 16, 2008 would result in the request being closed.  (*Id.*)

Like the other FDA letters, this letter did not advise Thomas of his appeal rights.  Thomas

promptly wrote requesting free copies of documents containing the name and address of a

specific entity's domestic and foreign banks, and the domestic bank of that entity's sole U.S.

distributor, to the extent of his entitlement to free copies.  (*Id.* ¶ 12 & Ex. 4.)  The FDA then

advised Thomas that the initial search it had conducted, at no cost to Thomas, had not located

any responsive records, and that additional searching for the records he wanted would require

him to pay the search fees.  (*Id.* ¶ 13.)  Thomas did not remit the search fees.  (*Id.* ¶ 14.)  The

FDA has moved for summary judgment on the ground that because Thomas did not pay the

search fees, he has not exhausted his administrative remedies, and therefore cannot maintain this

suit.

---

[5] Thomas' complaint, because it was received with an application for *in forma pauperis*
status, was not opened as filed until May 14, 2008, but that delay is for the Court's convenience,
and will not work to the disadvantage of the *pro se in forma pauperis* plaintiff here.

DISCUSSION

Under Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment must be granted if the pleadings and evidence on file show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). To survive summary judgment, the non-movant must provide evidence that would permit a reasonable jury to find in his favor. *Laningham v. U.S. Navy,* 813 F.2d 1236, 1241 (D.C. Cir. 1987). In considering a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

In a FOIA case, a plaintiff must first exhaust all administrative remedies before seeking judicial relief. *Oglesby v. U.S. Dep't of the Army,* 920 F.2d 57, 61-2 (D.C. Cir. 1990) (holding that courts have consistently required exhaustion of administrative remedies under FOIA). Payment of search and duplication fees is generally treated as part of the administrative remedies. Thus, in a FOIA suit, "[e]xhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees." *Id.* at 66; *see also, In Defense of Animals v. Nat'l Institutes of Health,* 543 F. Supp. 2d 83, 96 (D.D.C. 2008) (same). If, however, an agency fails to abide by certain requirements of the FOIA, the exhaustion requirement is deemed satisfied.

The FOIA requires each agency receiving a FOIA request to:

(i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination; and

(ii) make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal.  If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination . . . .

5 U.S.C. § 552(6)(A).  "A response [under § 552(6)(A)(i)] is sufficient for purposes of requiring an administrative appeal if it includes:  the agency's determination of whether or not to comply with the request; the reasons for its decision; and notice of the right of the requester to appeal to the head of the agency if the initial agency decision is adverse.  Assuming an agency's initial response complies with these requirements, the FOIA requester must appeal to the head of the agency."  *Oglesby,* 920 F.2d at 65 (internal citations omitted).  If an agency does not comply as required to either a request or an appeal, administrative exhaustion of remedies is construed.  "Any person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."  5 U.S.C. § 552(a)(6)(C).

Here, there are no material facts in dispute.  The FDA never provided Thomas with the response to his initial request that is required under 5 U.S.C. § 552(6)(A)(i).  None of the FDA letters advised Thomas of his right to appeal an adverse decision to the agency head.  Moreover, the FDA did not respond to Thomas' appeal of his constructive denial as required by 5 U.S.C. § 552(6)(A)(ii).  On April 15, 2008, when the Clerk of Court received Thomas' complaint, Thomas was entitled to the benefit of constructive exhaustion under 5 U.S.C. § 552(a)(6)(C). The FDA's letter demanding pre-payment of the search fees came too late; Thomas had already submitted his complaint for filing.  And, in any case, the FDA's letter dated April 16, 2006 still did not satisfy the requirements of 5 U.S.C. § 552(6)(A)(i) and (ii), and would have failed to

revive the exhaustion requirement even if Thomas had received it before filing suit.  *Cf. Oglesby*, 920 F.2d at 64 (holding that if an agency responds, even if late, before the plaintiff files suit, the administrative exhaustion requirement is revived).  On these facts, Thomas is entitled to constructive exhaustion of his administrative remedies.

CONCLUSION AND ORDER

Because the FDA's conduct entitled Thomas to constructive exhaustion of his administrative remedies, the FDA's motion for summary judgment for failure to exhaust administrative remedies will be denied and the FDA will be required to respond promptly to Thomas' FOIA request.  Accordingly, it is hereby

ORDERED that the FDA's motion for summary judgment be, and hereby is, DENIED. It is

FURTHER ORDERED that within twenty days of this Order the FDA shall file a proposed schedule on which this case will proceed, including the dates by which the search that is referenced in its April 16, 2008 letter to the plaintiff will be completed, the responsive documents will be reviewed for exemption, the non-exempt information will be released to plaintiff, and a motion for summary judgment will be filed.

_____
/s/
ELLEN SEGAL HUVELLE
United States District Judge

Dated: November 18, 2008